■ In the Matter of the Claim of ALBERT WILLIAMS, Respondent, v. BUMPER AND AUTO PLATING OF NEW YORK, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board on the grounds that there is no substantial evidence that claimant sustained an industrial accident within the meaning of the Workmen's Compensation Law. Claimant was employed in the dual capacity of salesman and deliveryman of reconditioned automobile bumpers. In the latter capacity his duties entailed the loading of bumpers onto the employer's truck at the employer's place of business and the unloading thereof at their destination. It is undisputed that on September 11, 1956, when a bumper which claimant was unloading from the rear of the employer's truck became caught claimant was required to give it " an extra heavy tug " to release it and that on doing so he experienced sharp severe chest pains followed by a difficulty in breathing. After a short rest claimant drove the truck to his home which was nearby and called a Dr. Greenman who after examining him sent claimant to a hospital where claimant remained for a period of three and a half weeks with what was diagnosed as a posterior wall myocardial infarction. Claimant testified that two days prior to the September 11 incident he had experienced chest pains and dizziness after an altercation with a factory representative. Appellants contend that the record does not contain substantial evidence that there was any unusual or excessive strain involved which would constitute a basis for finding an industrial accident. We cannot agree. It was clearly within the province of the board to find that the effort expended by claimant in tugging and pulling on the snagged 40 to 60-pound bumper constituted an unusual strain and was arduous and strenuous work (Matter of Schechter v. State Ins. Fund, 6 N Y 2d 506, 510; Matter of Kushner v. Landau, Newman & Rosen, 13 A D 2d 564). Moreover, the board was free to accept the opinion of those medical experts finding causal relation (Matter of Palermo v. Gallucci & Sons, 5 N Y 2d 529, 532). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

■ In the Matter of the Claim of OLGA GENZA, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board. Claimant was employed as a cleaner in the United Nations Building. In early Spring her employer fixed the dates of the annual vacation periods of its employees upon the basis of their seniority and notified them accordingly. Claimant's vacation period was scheduled to begin on August 18, 1960. About the middle of the preceding week she sought to advance its commencement date to August 15. The employer denied her request. After work on Friday, August 12 she left New York City for a vacation in an upstate area and returned to her place of employment at the end of August. On August 16 the employer discharged her because she had taken the unauthorized leave. The board adopted the finding of the Referee that claimant by reflective choice had provoked her dismissal and that this constituted a voluntary leaving of the employment without good cause. There is substantial evidence to support its determination. (Matter of Salit [Catherwood], 15 A D 2d 852.) The board was not bound to accept claimant's excuse that illnesses of her grandchildren prevented her return to work on Monday, August 15. Decision unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.